## Case No. 3,517.

### CUSHWA v. FORREST.

[4. Cranch, C. C. 37.] [1]

Circuit Court, District of Columbia. May Term, 1830.

SALE—ACTION FOR PRICE — DEFENSE OF FRAUD— OFFER TO RETURN.

In an action by the vendor for the price of a blind horse sold to the defendant by the plaintiff, if the defendant prove fraud in the sale he need not show that he offered to return the horse; for fraud vacates the contract, and the plaintiff cannot recover upon it; aliter where the action is brought by the vendee to recover back the purchase-money paid for the horse.

Assumpsit for the price of a blind horse sold by the plaintiff to the defendant.

Mr. Key, for defendant, prayed the court to instruct the jury "that if they should believe from the evidence that the horse sold to the defendant was affected before or at the time of the sale with a latent disease in his eyes, materially impairing the value of the horse, of which he afterwards went blind, and which ordinary skill and attention could not discover, and that the same was known to the plaintiff, then it was the duty of the plaintiff to disclose such defect, and if he sold him without doing so, but purposely concealed the same, and the defendant bought him without knowing such defect, then the sale was fraudulent, and the plaintiff is not entitled to recover in this cause."

Mr. Jones, contra, cited 2 Selw. N. P. 584, 586; Hunt v. Silk, 5 East, 452, that the parties must be put in statu quo; Starkie, Ev. pt. 4, p. 586; Wynn v. Thornton, 12 Wheat. [25 U. S.] 193; Lewis v. Cosgrave, 2 Taunt. 2.

THE COURT (THRUSTON, Circuit Judge, contra) gave the instruction prayed by Mr. Key, and observed that there was this difference between the case of an action by the vendee to recover back the purchase money on the ground of fraud and that of a vendee resisting, on the same ground, an action by the vendor to recover the purchase-money: that in the former case the vendee must show that he offered to return the thing sold; but, when the vendee is defendant, he is not bound to show such an offer to return, but it is sufficient for him to show the sale to be fraudulent; for fraud avoids every contract; and this distinction reconciles the fraud upon the subject.

It was admitted, by the plaintiff's counsel, that the burden of proof was on the defendant.

CUSTER (CRESSLER v.). See Case No. 3,-388.

CUSTIS (GEORGETOWN TURNPIKE-ROAD CO. v.). See Case No. 5,348.

CUSTIS (SHEDDEN v.). See Case No. 12,-736.

CUSTIS (UNITED STATES v.). See Case No. 14,909.

CUTLER (HINMAN v.). See Case No. 6,-524.

CUTLER (REA v.). See Case No. 11,599.

CUTLER (UNITED STATES v.). See Case No. 14,910.